STATE EX REL. ERNEST R. MOORE v. GUS FURSTENAU, as County Treasurer of Ramsey County, North Dakota.

(129 N. W. 81.)

**Taxation — Payment of a Portion of Tax — Tax Certificate Holders — Payment of Subsequent Tax — Assessments.**

An owner and holder of tax sale certificates, issued on sales of real estate for delinquent general taxes or for delinquent general taxes and delinquent special assessments, may pay the subsequent delinquent general taxes assessed against said premises, without paying any subsequent delinquent special assessments against said premises, and obtain receipts from the county treasurer for such delinquent general taxes so paid, and the amounts so paid shall constitute additional liens on the land for which the tax sale certificates were issued.

Opinion filed December 1, 1910.

'Appeal from District Court, Ramsey county; Honorable *John F. Cowan*, J.

Action by State ex rel. Ernest R. Moore against Gus Furstenau, as County Treasurer of Ramsey County, North Dakota. From a judgment in favor of defendant, petitioner appeals.

Reversed.

*Flynn & Traynor* (*C. F. Clark*, of counsel), for appellant.

*F. T. Cuthbert*, for respondent.

CARMODY, J. Petitioner and appellant, at the regular 1906, 1907, and 1908 tax sales in Ramsey county, bid in lands for which tax certificates were issued as follows: No. 371 for the 1906 sale; Nos. 474, 485, 486, 487, 498, and 499 for the 1907 sale; Nos. 557, 631, and 633 for the 1908 sale. Nos. 371, 498, 499, and 633 were issued for general taxes against the real estate sold; Nos. 474, 485, 486, 487, 557, and 631 were issued for the total amount of both general taxes and special assessments of the city of Devils Lake against the real estate sold. Prior to the tax sale of 1909 for the taxes of 1908, appellant tendered to respondent as county treasurer, the full amount of the general taxes due, and then delinquent on all of said premises, and demanded that tax receipts for said general taxes be issued to appellant as taxes paid subsequent to the issuance of the tax certificates so held by appellant. Respondent refused to accept the money or issue any of said receipts, because there were delinquent special assessments of the city of Devils Lake against all of these pieces of property in addition to the general taxes, and the treasurer refused to accept the general taxes unless the special assessments were also paid. The special assessments upon the properties for which tax-sale certificates Nos. 474, 485, 486, 487, 557, and 631 were issued had attached or been levied prior to the issuance of the tax sale certificates, and the special assessments due on the real estate for which such tax-sale certificates were issued for 1908, were instalments of the levy which had already been made at the time of the issuance of the tax-sale certificates. The special assessments upon the properties described in certificates 371, 498, 499, and 633 were all levied subsequent to the issuance of the tax-sale certificates. Appellant had previously paid both general taxes and special assessments against the properties for which tax certificates

were issued for the sales previous to 1908. Upon the refusal of respondent to accept payment of the amount due for general taxes, and issue receipts therefor, appellant deposited the money in a bank, and notified the treasurer, and demanded in writing said receipts. The treasurer still refused, and appellant thereupon made application for a peremptory writ of mandamus requiring the treasurer to accept the money and issue the receipts. The court denied the application and made an order accordingly, and judgment was entered thereon, from which judgment petitioner appeals to this court.

The facts are undisputed, and there is only one question involved on this appeal, namely, whether the owner and holder of a tax certificate is entitled to pay the general taxes on the premises covered by the certificate, and receive a receipt therefor, and hold the same as an additional lien against such premises, and at the same time refuse to pay the special assessments duly levied against said premises. A correct decision of this case depends wholly upon the construction of the several sections of the Revised Codes of 1905 hereinafter mentioned. The right of the owner and holder of a certificate of tax sale to pay subsequent delinquent taxes on the premises covered by his certificate, and receive receipts therefor, and hold the amounts so paid as an additional lien against such premises, is given by § 1596, Rev. Codes 1905.

Section 2478, Rev. Codes 1905, reads as follows: "When any person shall desire to pay only a portion of the tax charged on any real estate, such person shall pay a like proportion of the several taxes charged thereon, and no person will be permitted to pay one of said taxes without paying the others, except taxes, the collection of which shall have been enjoined by law."

This, the respondent contends, applies to all taxes including special assessments. In this we think he is in error. This section is practically the same as § 94 of chapter 28 of the Political Code of 1877, and was passed long before the present special assessment law.

Section 1572, Rev. Codes 1905, which applies to general taxes only, is as follows: "Taxes upon real property are hereby made a perpetual paramount lien thereupon against all persons and bodies corporate, except the United States and the state."

Section 2803 provides, among other things, that from the time a

special assessment list is approved by the city council, the assessment shall remain a lien upon the property against which it is assessed until fully paid, and shall have precedence over all other liens except ordinary taxes, to which it shall be subject.

Section 2804 provides in part that special assessments, together with all interest and penalties, shall be collected and paid over to the city treasurer in the same manner as any other city taxes, but this only refers to the manner of collecting special assessments.

Section 2806 authorizes the owner of real property against which a special assessment has been made, to pay the same or any part thereof and the unpaid interest at any time.

Section 2807 as far as material, provides that the county treasurer shall add to all special assessments the same interest and penalties that are provided to be added in the case of general taxes, and at the same time, and shall collect such interest and penalties with such special assessments, and shall pay over to the city treasurer all such interest and penalties.

Section 2808 is as follows: "If the real property against which any assessment is levied is sold to enforce the collection of a special assessment which has become delinquent, the sale shall be made by the same officer, and upon like notice, and subject to the same provisions in relation to redemption, and the same record thereof shall be kept by the officer making the sale, as in cases of real property for delinquent taxes; but if any real property is subject to sale at the same time for delinquent taxes, and also for delinquent special assessments, it shall be sold separately for each; and a separate certificate of sale shall be issued upon each of said sales, although both sales are made to the same person, and the certificates issued upon the sale for special assessments shall so state, and, if no redemption is made from such sale, a deed shall be issued to the purchaser or his assigns, which shall be, as nearly as practicable, in the same form as deeds issued upon sales for general taxes, except that it shall state that such sale was made for special assessments; and in case the sale for special assessments is made to a different purchaser from the sale for general taxes, such purchaser may redeem said premises from the purchaser of the same for delinquent general taxes, and upon such redemption

shall be subrogated to all the rights of such purchaser from whom such redemption is made."

Thus it will be seen that while special assessments for city improvements are considered taxes for some purposes, and the same interest and penalties are provided to be added as in the case of general taxes, nevertheless the Code distinguishes between general taxes and special assessments, and makes the general taxes a superior lien to that of special assessments, and allows the holder of a certificate for special assessments to redeem from the holder of a certificate for general taxes.

A special assessment is a tax in the sense that it is an enforced contribution from the property owner for the public benefit, but not in the sense that it is a burden, as he receives an equivalent in the shape of the enhanced value of his property, and only property benefited by the improvement may be assessed, the district being determined legislatively, but the amount of the tax is determined judicially, and according to the benefits. Although possessing many points of similarity, special assessments and taxes are inherently different, and the same rule of construction where the words are used in statutes will not be indiscriminately applied.

It seems to us from the provisions of the Code herein cited, that the certificate holder has authority to pay the general taxes without paying the special assessments, and that the county treasurer should have received the amount tendered in the case at bar, and should have issued receipts therefor. If, as respondent contends, this construction is calamitous, then the remedy is with the legislature, and not with the courts.

The fact that the county auditor did not issue separate certificates of sale has no effect on this case. Certainly if the lots were sold to appellant for delinquent general taxes, and to some other person for delinquent special assessments, no person would contend that the holder of the certificate of sale for general taxes could not pay the general taxes without also paying the special assessments, as he would have no special assessment certificates to protect.

The judgment of the District Court is reversed, and the District Court is directed to issue a peremptory writ of mandamus as prayed for. All concur.